UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEHRAD GHASEDI,<br><br>Petitioner,<br><br>v.<br><br>CAMMILLA WAMSLEY, *et al.*,<br><br>Respondents. | Case No. C25-1984-RSM-BAT<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Petitioner Mehrad Ghasedi's Motion for Temporary Restraining Order ("TRO"), Dkt #10. This case was filed on October 14, 2025, and referred to Magistrate Judge Brian A. Tsuchida. On November 10, 2025, this Court issued an Order directing Respondents to notify the Court and all parties before Petitioner may be transferred out of the district or removed from the United States. Dkt. #9. The instant Motion was filed on December 1, 2025. Judge Tsuchida issued a Report and Recommendation that same day. The Government filed a response on December 2, 2025. Dkt. #12.

Petitioner's TRO repeats the underlying facts of the case. Dkt. #10 at 2. He seeks "an emergency order from this Court to halt his detention, transfer out of this district, and removal from the United States." *Id.* at 3. He states that he has had medical treatment delayed while in

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

custody. Attached medical records discuss a gluteal wound and abscess being treated with dressings and gauze. *See* Dkt. #10-1. Follow up treatment appears to be continued nurse visits. *See id.* at 29. He goes on to discuss the underlying law applicable to the case.

Typically, a party requesting a TRO must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135.

The Court has reviewed the briefing and the remainder of the record and finds that this TRO is properly denied. The Court agrees with the Government that Petitioner has failed to present a substantial change in his circumstances warranting the filing of the instant Motion now, after months in detention and on the eve of the resolution of this case. Petitioner has failed to present adequate evidence of an untreated health issue resulting in a change to the calculation of irreparable harm. The Court will not bypass the procedures of the pending Report and Recommendation and will allow the Government to file objections, if any, before issuing its ruling in this case.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

Accordingly, having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Temporary Restraining Order, Dkt #10, is DENIED.

DATED this 3rd day of December, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE