UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEHRAD GHASEDI,

Petitioner,

v.

CAMMILLA WAMSLEY, *et al.*,

Respondents.

Case No. C25-1984-RSM

ORDER DENYING MOTION TO STAY

This matter comes before the Court on Respondents' Motion to Stay, Dkt. #20. Respondents request that enforcement of any order awarding fees be stayed until the U.S. Supreme Court decides *Palacios v. Liggins*, Case No. 25-1223. Dkt. No. 41 at 8.

The Court's discretion to grant a stay is governed by four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors are "the most critical." *Id.* In an alternative test in the Ninth Circuit, the first two factors may be satisfied if "serious questions going to the merits were raised and the balance of hardships tips sharply in the [movant's] favor[.]" *Flores v. Barr*, 977 F.3d 742, 746 (9th Cir. 2020) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011)).

In Response, Petitioner addresses the *Nken* factors and argues:

> Respondents have not demonstrated such circumstances here. Their motion, consisting of approximately two substantive pages, does not discuss the governing factors, identify any concrete hardship, or present evidence of irreparable injury. The Supreme Court's grant of certiorari in a case arising outside the Ninth Circuit does not require this Court to stay an order that follows controlling Ninth Circuit precedent and accords with the prevailing view among the federal courts of appeals.

Dkt. #21 at 4. The Court agrees. If a grant of certiorari alone were sufficient to justify a stay, Supreme Court review would presumptively halt every order implicating the question presented, regardless of controlling circuit precedent, the case's procedural posture, or the equities between the parties. Instead, the parties must address the above factors. After reviewing those factors, the Court is satisfied that a stay is not warranted in this case.

The Court further notes that Respondents sought an emergency stay at the Ninth Circuit and that was denied. *See* Dkt. #26. The parties subsequently agreed on a short extension of time to make payment. Dkt. #27. It is unclear whether Respondents have now, in fact, paid the attorney fees, rendering this Motion moot.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Respondents' Motion to Stay, Dkt. #20, is DENIED. The previously awarded fees and costs are to be paid by Respondents no later than September 30, 2026.

DATED this 25th day of September, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE